Illescas Castro v. Sessions

BIA
Straus, IJ
A088 445 133

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of November, two thousand seventeen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

FAUSTO ENRIQUEZ ILLESCAS CASTRO,
    *Petitioner,*

v.                                    16-895
                                      NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Jesse
                         Matthew Bless, Senior Litigation
                         Counsel; Barbara Joan Leen, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fausto Enriquez Illescas Castro ("Castro"), a native and citizen of Ecuador, seeks review of a March 16, 2016, decision of the BIA affirming an October 23, 2014, decision of an Immigration Judge ("IJ") denying Castro's application for withholding of removal. *In re Fausto Enriquez Illescas Castro,* No. A088 445 133 (B.I.A. March 16, 2016), *aff'g* No. A088 445 133 (Immig. Ct. Hartford Oct. 23, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA—that is, without regard to the IJ's determination regarding credibility. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

To establish eligibility for withholding of removal based on membership in a particular social group, an applicant must establish both that the group is legally cognizable,

2

*Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007), and that the applicant has suffered past persecution or has demonstrated a likelihood of future persecution on account of his membership in that group, *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).  A particular social group is cognizable if "the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question."  *Matter of M-E-V-G-*, 26 I&N Dec. 227, 237 (B.I.A. 2014).  The group must be "discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective."  *Id.* at 239. And the group "must be perceived as a group by society."  *Id.* at 240.

We conclude that the agency did not err in finding that Castro failed to show that his proposed particular social group of "young Ecuadorian men who resist recruitment efforts by criminal gang members" was cognizable.  Castro offered no evidence that individuals who oppose forced gang recruitment are viewed by the relevant society as a distinct group and the record is devoid of documentary evidence discussing the treatment of such individuals as compared to the rest of the relevant country's population.  *See* 8 U.S.C. § 1231(b)(3)(C) (providing that burden of proof for withholding of removal is

on alien); *Matter of M-E-V-G-*, 26 I&N Dec. at 244 ("[T]he applicant has the burden to establish a claim based on membership in a particular social group and will be required to present evidence that the proposed group exists in the society in question.").

The agency's determination that Castro failed to establish a cognizable particular social group is dispositive of withholding of removal. Accordingly, we decline to reach the agency's additional finding regarding the likelihood of harm. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4